**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000758
25-JAN-2019
07:55 AM**

NO. CAAP-15-0000758

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SANDRA J. ROBERTS, Plaintiff-Appellant, v.
RICHARD EMERY, ASSOCIATION OF APARTMENT OWNERS OF LIONA KONA,
LIONA KONA INC., ASSOCIATION OF APARTMENT OWNERS, and PORTER
McGUIRE KIAKONA and CHOW, LLP, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-044K)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, and Reifurth and Chan, JJ.)

This appeal arises out of Plaintiff-Appellant Sandra J. Roberts' attempt to stay a non-judicial foreclosure sale to Defendant-Appellee Liona Kona Inc. Association of Apartment Owners, also sued as Association of Apartment owners of Liona Kona ("AOAO"). Roberts, *pro se*, appeals from the Order Granting Motion to Dismiss Complaint Filed 2/4/15 and for Summary Judgment in Favor of Defendants and Against Plaintiff (Filed 7/15/15) ("Order Granting the Motion to Dismiss") and the Final Judgment in Favor of Defendants and Against Plaintiff ("Final Judgment") entered by the Circuit Court of the Third Circuit[1] ("Circuit Court") on September 18, 2015.

In April 1997, Roberts purchased a condominium unit ("Unit") from the AOAO. In or around 2011, Roberts fell behind on payments for maintenance and reserve fees. AOAO subsequently commenced formal collections proceedings to recover unpaid

---

[1] The Honorable Melvin H. Fujino presided.

assessments from Roberts, and instituted a non-judicial foreclosure under power of sale.

On February 4, 2015, Roberts filed a complaint ("Complaint") seeking "emergency injunctive and declaratory relief and to stay an imminent foreclosure sale," which at the time was scheduled for public auction on February 6, 2015. The Circuit Court initially granted a stay, but subsequently determined that the Complaint was not properly served on the defendants, that the stay had expired on its own terms, and the court would not renew the stay.

On March 17, 2015, the Unit was sold at a public foreclosure auction to AOAO as the highest successful bidder.

On June 18, 2015, Roberts filed a "Motion to Void Non-Judicial Foreclosure Public Sale Held on March 17, 2017 [*sic*] at Noon and to Stay Ejectment Action in District Court Pursuant to HRCP Rule 9(a)(b)(c)(g)" ("Motion to Void Non-Judicial Foreclosure Sale"). On July 7, 2015, the Circuit Court orally denied the motion, determining that "it appears that [AOAO] complied with the requirements of the law regarding this nonjudicial foreclosure of sale regarding notice." On August 24, 2015, the Circuit Court entered its order denying the Motion to Void Non-Judicial Foreclosure Sale, and reiterating that AOAO had "complied with requirements.".

On July 15, 2015, AOAO filed a "Motion to Dismiss Complaint Filed 2/14/15 [sic] and For Summary Judgment in Favor of Defendants and Against Plaintiff" ("Motion to Dismiss") on the basis that the Complaint was now moot. Roberts did not file any opposition. At the hearing on AOAO's Motion to Dismiss, the Circuit Court orally granted the motion because "the matter [was] moot as far as the Complaint goes" on the basis of the court's previous denial of the Motion to Void Non-Judicial Foreclosure Sale. On September 18, 2015, the Circuit Court entered the Order Granting Motion to Dismiss and the Final Judgment.

On appeal, and in light of the various assertions and contentions made in Roberts' opening brief, the bulk of which were not raised during the relevant proceedings below and are

2

therefore deemed waived,[2/] we address Roberts' contention that the Circuit Court erred in granting the Motion to Dismiss.

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Roberts' point of error as follows, and we vacate and remand.

In her Complaint, Roberts contests AOAO's legal capacity to conduct the non-judicial foreclosure sale. Under *Sakal v. Ass'n of Apartment Owners of Hawaiian Monarch*, 143 Hawai'i 219, 426 P.3d 443 (App. 2018), *reconsideration denied*, 2018 WL 4483207 (Haw. Ct. App. Sept. 19, 2018), *cert granted*, No. SCWC-15-0000529, 2019 WL 245225 (Haw. Jan. 17, 2019), we hold that because AOAO did not have a valid power of sale under its bylaws it did not have authority under which to non-judicially foreclose on Roberts' Unit.

Here, the Circuit Court's ruling on the Motion to Dismiss was contingent upon its prior ruling on the Motion to Void Non-Judicial Foreclosure Sale. Put another way, the Circuit Court determined that no relief could be granted because the Unit had been properly sold pursuant to the rules regarding non-judicial foreclosure of sale. In AOAO's opposition to the Motion to Void Non-Judicial Foreclosure Sale, it highlighted parts of Article VI, section 4 of the Bylaws of Association of Apartment Owners of Liona Kona ("Bylaws") to establish that it had the requisite power of sale. Article VI, section 4 of the Bylaws provides, in relevant part:

> Default in Payment of Assessments. . . . In the event of a default or defaults in payment of any such assessment or assessments and in addition to any other remedies herein or by law provided, the Board [of the AOAO] may enforce each such obligation as follows:
>
> (a) By suit or suits at law to enforce each such assessment obligation. . .

---

[2/]    *See Hawaii Ventures, LLC v. Otaka, Inc.*, 114 Hawai'i 438, 500, 164 P.3d 696, 758 (2007) (quoting *Kemp v. State of Hawai'i Child Support Enf't Agency*, 111 Hawai'i 367, 391, 141 P.3d 1014, 1038 (2006)) ("As a general rule, if a party does not raise an argument at the circuit court level, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases." (internal quotation marks and brackets omitted)).

> (b) At any time upon the occurrence of any such default, the Board . . . may give notice to the defaulting apartment owner . . . . If such delinquency is not paid within thirty (30) days after delivery of such notice, the Board may elect to file a claim of lien against the apartment of such delinquent apartment owner. . . . Upon recordation of a duly executed original or copy of such claim of lien with the Bureau of Conveyances, the Board shall have all remedies provided in Section 514A-90, Hawaii Revised Statutes, as amended.

This court has previously ruled, while considering similar bylaws, that a non-judicial power of sale foreclosure of a condominium owner's unit by an association, like AOAO here, was not authorized because Hawaii Revised Statutes section 514A-90 did not grant associations power of sale over condominium units.[3] *See Sakal*, 143 Hawai'i at 229-30, 426 P.3d at 453-54. Accordingly, AOAO's non-judicial power of sale foreclosure of Robert's Unit was not authorized by the Bylaws, and the Circuit Court improperly dismissed Roberts' Complaint and awarded judgment to AOAO.

Therefore, we vacate the September 18, 2015 Order Granting the Motion to Dismiss and the September 18, 2015 Final Judgment entered by the Circuit Court of the Third Circuit, and remand this case for further proceedings.

DATED: Honolulu, Hawai'i, January 25, 2019.

On the briefs:

Sandra J. Roberts,
Pro Se Plaitniff-Appellant.

John D. Zalewski,
Jana M. Naruse, and
Michelle J. Chapman
(Case Lombardi & Pettit)
for Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge

---

[3] In *Sakal*, we noted that "[h]aving failed to challenge the nonjudicial power of sale foreclosure of the Property prior to the recordation of the Affidavit and the Quitclaim Deed, Sakai [sic] is now barred by [Hawaii Revised Statutes] § 667-102(b)(2) from any claim to the Property itself. 143 Hawai'i at 231, 426 P.3d at 455. Here, however, Roberts' Complaint challenging the non-judicial power of sale foreclosure was filed on February 4, 2015, while the AOAO filed its affidavit and quitclaim deed on April 7 and April 8, 2015, respectively.